FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

PLAMEN GEORGIEV VELINOV

CASE NO. 8:21 cr342 VMC-SPF
18 U.S.C. § 2251(d) and (e)
18 U.S.C. § 2252(a)(2) and (b)(1)

### INDICTMENT

SEALED

The Grand Jury charges:

### COUNT ONE
(Conspiracy to Advertise Visual Depictions
of Minors Engaged in Sexually Explicit Conduct)

Beginning on an unknown date, but no later than in or around 2006, and continuing through and including in or around November 2019, in the Middle District of Florida and elsewhere, the defendant,

PLAMEN GEORGIEV VELINOV,

did knowingly conspire with others known and unknown to the Grand Jury to knowingly make, print, and publish, and cause to be made, printed, and published, any notice and advertisement seeking and offering to display, distribute, and reproduce any visual depiction, the production of which visual depiction involved the use of a minor engaging in sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)(A)) and such visual depiction is of such conduct, knowing and having reason to know that such notice and advertisement would be transported using any means and facility of interstate and foreign commerce and in and affecting interstate

and foreign commerce by any means, including by computer, and such notice and advertisement was transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2251(d) and (e).

## COUNT TWO
### (Conspiracy to Distribute Visual Depictions of Minors Engaged in Sexually Explicit Conduct)

Beginning on an unknown date, but no later than in or around 2006, and continuing through and including in or around November 2019, in the Middle District of Florida and elsewhere, the defendant,

PLAMEN GEORGIEV VELINOV,

did knowingly conspire with others known and unknown to the Grand Jury to knowingly distribute any visual depiction using any means and facility of interstate and foreign commerce and that has been mailed, and has been shipped and transported in and affecting interstate and foreign commerce, and which contains materials which have been mailed and so shipped and transported, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)(A)) and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## **FORFEITURE**

1.  The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture, under the provisions of 18 U.S.C. § 2253.

2.  Upon conviction of a violation of 18 U.S.C. §§ 2251 or 2252, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3.  The property to be forfeited includes, but is not limited to, the following:

    a.  An order of forfeiture in the amount of approximately $434,215.23, which represents the proceeds obtained from the offenses;

4.  If any of the property described above, as a result of any act or omission of the defendant:

3

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

_____
Foreperson

KARIN HOPPMANN
Acting United States Attorney

By: _____
FRANCIS D. MURRAY
Assistant United States Attorney

By: _____
KYLE P. REYNOLDS
Trial Attorney
Child Exploitation and Obscenity Section
U.S. Department of Justice, Criminal Division

By: _____
CARLTON C. GAMMONS
Assistant United States Attorney
Acting Chief, Special Victims Section

FORM OBD-34
October 21

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

PLAMEN GEORGIEV VELINOV

INDICTMENT

Violations: 18 U.S.C. § 2251(d) and (e)
18 U.S.C. § 2252(a)(2) and (b)(1)

A true bill,

_____
Foreperson

Filed in open court this 6th day

of October, 2021.

_____
Clerk

Bail $_____

GPO 863 525