UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. PLAMEN VELINOV, Defendant. | CASE NO: 8:21 CR 342 VMC-SPF MOTION TO PRODUCE PROOF OF INDICTMENT RETURN IN OPEN COURT IN CONFORMITY WITH FED. R.CRIM.P. RULE(S) 6(c) & (f) OR IN THE ALTERNATIVE DISMISSAL OF INDICTMENT FOR LACK OF JURISDICTION. FED.R.CRIM.P. 12(B) |

May it Please this Honorable Court, Now Comes Plamen Velinov, Federal Prisoner, #11341521, pro se respectfully Moves this Honorable Court to direct the Clerk of Court to provide conclusive proof that the above Original Indictment were return in conformity with the Federal Rules of Criminal Procedure Rules 6(c) & (f) and failure for the record to conclusively show that the Defendant's Indictment was return in open court this Court must dismiss the above caption Indictment for lack of subject matter in personam jurisdiction.

In support of this his pro se motion the Defendant so states: Beginning on an unknown date, but no later than in or around 2006, and continuing through and including in or around November 2019, an alleged federal grand jury sitting in the Middle District of Florida return an Indictment charging the Defendant with a violation of the Federal 18 U.S.C. § 2251(d) and (e), 18 U.S.C. § 2252(a)(2) and (b)(1) and Forfeiture.

# MEMORANDUM OF LAW IN SUPPORT

To constitute a valid indictment for an infamous crime in Federal court, it must have been publicly presented in open court, the grand jurors present answering to their names, the indictment then been delivered by the foreman to the Court and entered on the record. *Crain v United States,* 162 U.S. 625, 644, 40 L. ed 1097, 1103, 16 S.Ct. 952. The Defendant contends that his docket sheet is devoid of such occurrence that his Indictment was return in open court. The Defendant respectfully points this Court to the Supreme Court decision in *Glasser v United States* 315 U.S 60-93, 86 L.Ed. 680 (1942). Glasser was a Assistant United States Attorney in charge of liquor cases in the Northern District of Illinois from about March 1935 to April 1939. Glasser like the Defendant allege that his Indictment was not return in open court. The Supreme Court in rejecting Glasser's argument noted that "petitioners' contention that there is no showing that the indictment was returned in open court by the grand jury is dispossed of as it [Indictment] contains a placitum in regular form wich recites the convening of a regular term of the District Court for the Eastern Division of the Northern District of Illinois, [on the first Monday of September (1939) it being the 29th day of September the indictment was filed] and discloses the presence of the judges of that court, the marshall and the clerk. The Indictment bears the notation: A true bill, George A. Hancock, Foreman and the indorsement. 'Filed in open court' ". The Defendant contends his Indictment does not contain such plethora of information nor does his docket sheet makes any reference that his indictment was return in open court.