UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

     v.                               CASE NO. 8:21-cr-342-VMC-SPF

PLAMEN GEORGIEV VELINOV

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

1

## INSTRUCTION NO. 1

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## INSTRUCTION NO. 2

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## INSTRUCTION NO. 3

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## <u>INSTRUCTION NO. 4</u>

We seek a fair trial for all regardless of what language they speak. We have had an interpreter assist us through these proceedings, and you should know what they can do and what they cannot do. Basically, the interpreter was here only to help us communicate during the proceedings. The interpreter is not a party in the case, has no interest in the case, and is completely neutral. Accordingly, the interpreter is not working for either party. The interpreter's sole responsibility was to enable us to communicate with each other.

Treat the interpreter of the witness's testimony as if the witness had spoken English and no interpreter was present. Do not allow the fact that testimony was given in a language other than English influence you in any way.

If any of you understood the language of the witness, disregard completely what the witness said in their language. Consider as evidence only what was provided by the interpreter in English. If you think an interpreter has made a mistake, you may bring it to the attention of the Court, but you should make your deliberations on the basis of the official interpretation.

## INSTRUCTION NO. 5

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## <u>INSTRUCTION NO. 6</u>

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## **INSTRUCTION NO. 7**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**<u>INSTRUCTION NO. 8</u>**

The indictment charges two separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendant knowingly conspired to advertise visual depictions of minors engaged in sexually explicit conduct.

Count Two charges that the Defendant knowingly conspired to distribute visual depictions of minors engaged in sexually explicit conduct.

But first note that the Defendant is not charged in Count One and Two with committing a substantive offense – he is charged with <u>conspiring</u> to commit that offense.

I will also give you specific instructions on conspiracy.

## **INSTRUCTION NO. 9**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

## **<u>INSTRUCTION NO. 10</u>**

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

## **INSTRUCTION NO. 11**

You'll see that the indictment charges that a crime was committed "on or about" a certain date or "in or about" a particular month or year. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

## **INSTRUCTION NO. 12**

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But even if you believe the witness is telling the truth, you must still decide how accurate the identification is. I suggest that you ask yourself questions:

1. Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

2. How much time did the witness have to observe the person?

3. How close was the witness?

4. Did anything affect the witness's ability to see?

5. Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

13

## **INSTRUCTION NO. 13**

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with another defendant in exchange for her testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than that other defendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

## **INSTRUCTION NO. 14**

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

**INSTRUCTION NO. 15**

It's a Federal crime for anyone to conspire or agree with someone else to advertise or to distribute visual depictions of minors engaged in sexually explicit conduct.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of a conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2) the Defendant knew the purpose of the plan and knowingly and voluntarily joined in it.

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

16

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and knowingly and voluntarily joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

While you are required to consider whether the Defendant agreed with one or more other persons to accomplish a shared and unlawful plan, you should not concern yourself with why the Defendant is the only person on trial or why no other coconspirators are included in the indictment against the Defendant.

## INSTRUCTION NO. 16

It's a Federal crime for any person to make, print, or publish, or cause to be made, printed, or published, any notice or advertisement seeking or offering to display, distribute, or reproduce, any visual depiction, if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct, if such person knows or has reason to know such notice or advertisement will be transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed or such notice or advertisement is transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed.

The elements of advertising visual depictions of minors engaged in sexually explicit conduct are as follows:

(1) an individual knowingly made, printed, published, or caused to be made, printed, or published, a notice or advertisement offering;

(2) to display, distribute, or reproduce any visual depiction involving the use of a minor engaged in sexually explicit conduct, and the visual depiction is of such conduct; and

(3) the individual knows or has reason to know that the notice or advertisement would be transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer or mailed; or

(4) such notice or advertisement was transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer or mailed.

18

Count One of the Indictment charges that the defendant conspired to commit this offense. The Government does not need to prove that the Defendant actually committed this offense; just that he conspired with at least one other person to commit it.

The term "minor" means any person who is less than 18 years old.

The term "interstate or foreign commerce" means the movement of a person or property from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. It is not necessary for the Government to prove the Defendant knew the notice or advertisement had moved in interstate or foreign commerce.

The term "visual depiction" includes undeveloped film and videotape, and data stored on a computer disk or by any other electronic means that can be converted into a visual image.

The term "sexually explicit conduct" means actual or simulated:

> (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
>
> (b) bestiality;
>
> (c) masturbation;
>
> (d) sadistic or masochistic abuse; or
>
> (e) lascivious exhibition of the anus, genitals, or pubic area of any person.

Images and videos must include depictions that meet this definition of sexually explicit conduct to qualify as sexually explicit conduct. Sexually explicit conduct requires more than images of children that are sexually suggestive. Merely sexually suggestive images of children are sometimes referred to as "child erotica."

What exactly constitutes a forbidden "lascivious exhibition of the anus, genitals, or pubic area" and how that differs from an innocuous photograph of a naked child (e.g., a family photograph of a child taking a bath, or an artistic masterpiece portraying a naked child model) is not concrete.

"Lascivious exhibition" means indecent exposure of the anus, genitals, or pubic area, usually to incite lust. Visual depictions do not need to be nude depictions to qualify as "lascivious exhibition of the anus, genitals, or pubic area of any person." Not every exposure is a lascivious exhibition.

To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the anus, genitalia, or pubic area is being displayed. Factors you may consider include:

- the overall content of the material;

- whether the focal point of the visual depiction is on the minor's anus, genitalia, or pubic area;

- whether the setting of the depiction appears to be sexually inviting or suggestive – for example, in a location or in a pose associated with sexual activity;

- whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;

- whether the minor is partially clothed or nude;

20

- whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and

- whether the depiction appears to have been designed to elicit a sexual response in the viewer.

A visual depiction need not have all these factors to be a lascivious exhibition.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data-processing device performing logical, arithmetic, or storage functions, and includes any data-storage facility or communications facility directly related to or operating in conjunction with that device; but the term does not include an automated typewriter or typesetter, a portable hand-held calculator, or similar devices that are limited in function to only word-processing or mathematical calculations.

21

## INSTRUCTION NO. 17

It's a Federal crime to knowingly distribute any visual depiction using any means or facility of interstate or foreign commerce, or that has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, when the visual depiction was produced by using a minor engaging in sexually explicit conduct and depicts the conduct.

The elements of distributing visual depictions of minors engaged in sexually explicit conduct are as follows:

(1) the individual knowingly distributed a visual depiction;

(2) the depiction was shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce by any means, including computer;

(3) producing the visual depiction involved using a minor engaged in sexually explicit conduct;

(4) the depiction is of a minor engaged in sexually explicit conduct; and

(5) the individual knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

Count Two of the Indictment charges that the defendant conspired to commit this offense.  The Government does not need to prove that the Defendant actually committed this offense; just that he conspired with at least one other person to commit it.

To "distribute" something simply means to deliver or transfer possession of it to someone else, with or without any financial interest in the transaction.

22

"Minor" means any person younger than 18 years old.

"Interstate or foreign commerce" is the movement of property between different states or between the United States and anyplace outside the United States.

The term "State" means a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

The term "computer" includes any high-speed data-processing device that can perform logical, arithmetic, or storage functions, including any data- storage facility or communications facility that is directly related to or operates in conjunction with the device. It doesn't include an automated typewriter or typesetter, a portable hand-held calculator, or similar devices which are limited in function to word-processing or mathematical calculations.

The term "sexually explicit conduct" means actual or simulated:

> (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
>
> (b) bestiality;
>
> (c) masturbation;
>
> (d) sadistic or masochistic abuse; or
>
> (e) lascivious exhibition of the anus, genitals, or pubic area of any person.

Images and videos must include depictions that meet this definition of sexually explicit conduct to qualify as sexually explicit conduct. Sexually explicit conduct

requires more than images of children that are sexually suggestive. Merely sexually suggestive images of children are sometimes referred to as "child erotica."

What exactly constitutes a forbidden "lascivious exhibition of the anus, genitals, or pubic area" and how that differs from an innocuous photograph of a naked child (e.g., a family photograph of a child taking a bath, or an artistic masterpiece portraying a naked child model) is not concrete.

"Lascivious exhibition" means indecent exposure of the anus, genitals, or pubic area, usually to incite lust. Visual depictions do not need to be nude depictions to qualify as "lascivious exhibition of the anus, genitals, or pubic area of any person." Not every exposure is a lascivious exhibition.

To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the anus, genitalia, or pubic area is being displayed. Factors you may consider include:

- the overall content of the material;

- whether the focal point of the visual depiction is on the minor's anus, genitalia, or pubic area;

- whether the setting of the depiction appears to be sexually inviting or suggestive – for example, in a location or in a pose associated with sexual activity;

- whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;

- whether the minor is partially clothed or nude;

- whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and

- whether the depiction appears to have been designed to elicit a sexual response in the viewer.

A visual depiction need not have all these factors to be a lascivious exhibition.

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer media or by other electronic means that can be converted into a visual image.

## **INSTRUCTION NO. 18**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## <u>INSTRUCTION NO. 19</u>

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## **INSTRUCTION NO. 20**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.